UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| D.P., by and through his next friends, MICHAEL PUGH and RHONDA PUGH; MICHAEL PUGH, individually; and RHONDA PUGH, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> BOWLING GREEN R-1 SCHOOL DISTRICT, <br><br> Defendant. | Case No. 2:11CV00054 AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bowling Green School District's motion for an order compelling the mental examination of Plaintiff D.P., a minor between the ages of 14 and 18. (Doc. No. 21.)

## BACKGROUND

This action, filed on August 19, 2011, arises under § 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act ("ADA"). D.P. and his parents allege that while D.P. was in first grade, Defendant determined that he had the disability of attention deficit disorder and qualified for accommodations under a § 504 of the ADA. Plaintiffs further allege that Defendant created an accommodations plan for D.P. in September 2009, but failed to fully implement it during the 2009-2010 school year, and at the beginning of the 2010 school year, failed to test D.P.'s math comprehension as they had agreed to do. D.P. alleges that he was damaged thereby, for which he seeks

monetary damages as well as injunctive relief. His parents seek their own monetary damages for financial loss they incurred due to Defendant's alleged violation of D.P.'s rights.

In support of its motion to compel a mental examination of D.P., Defendant states that D.P.'s mental condition is in controversy as Plaintiffs have asserted in communication with Defendant that D.P. has suffered from depression and other emotional distress as a result of the Defendant's actions or inactions. In opposition to the motion to compel, Plaintiffs assert that D.P. is only seeking "garden variety emotional distress" damages, and has never asserted that he underwent treatment or evaluation from a mental health professional regarding his mental or psychological state. Plaintiffs assert that the intent of Defendant's motion is "to intimidate D.P. and his parents."

## **DISCUSSION**

Rule 35 of the Federal Rules of Civil Procedure states in pertinent part: "When the mental . . . condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a . . . mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause . . . ." Rule 35 " requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental . . . examination . . . has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause . . . '" *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (U.S. 1964).

Based on Plaintiffs' representations that D.P. is not seeking damages for any definable psychological symptoms, the Court concludes that D.P. has not placed his

2

mental condition in controversy and that Defendant has not shown good cause for a mental examination. *See Neal v. Siegel-Robert, Inc.*, 171 F.R.D. 264, 267 (E.D. Mo. 1996). D.P., however, having elected not to place his medical condition in controversy, will not be permitted to call any mental health professionals to testify at trial about a mental condition attributable to Defendant, nor will he be permitted to present evidence of anything other than the types of distress which are common to the claims asserted here, or any of life's other stressors. *See Blake v. U.S. Bank Nat'l Ass'n*, No. CIV 03-6084 PAM/RLE, 2004 WL 5254174, at *5 (D. Minn. May 19, 2004).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bowling Green School District's motion for an order compelling the mental examination of Plaintiff D.P. is **DENIED** on the understanding set forth above. (Doc. No. 21.)

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2012.